STATE OF MAINE
CUMBERLAND, ss.

BUSINESS AND CONSUMER COURT
CIVIL ACTION
DOCKET NO. BCD-CV-2023-00043

SARAH COUPE,

Plaintiff,

v.

ORDER

LISA NASHAWATY,

Defendant.

The parties have each filed a motion seeking a temporary restraining order and Plaintiff Sarah Coupe ("Coupe") filed a motion for attachment. As described below, the court, grants each party's request for a TRO in part. The motions are otherwise denied without prejudice to be reconsidered as motions for a preliminary injunction. The order is brief to avoid further delay. The motion for attachment remains under advisement.

Coupe and Defendant Lisa Nashawaty ("Nashawaty") are the only members of a limited liability company, Soul Sanctuary (the "Company"), providing residential treatment for substance abuse. Their relationship has broken down and they are unable to work together to operate the business.

**1. Receiver.**

Both Coupe and Nashawaty seek a receiver to audit and manage the Company's assets during the pendency of the litigation. "Appointment of a receiver is within the equity jurisdiction of the Superior Court." *Bates v. Burdick*, No. CV1989088, 2003 WL 26615310, at *2 (Me. Super. Ct. Dec. 3, 2003) (citing 4 M.R.S. § 105 (2003); 14 M.R.S. § 6051 (2003)); *see Dep't of Env't Prot. v. Emerson*, 563 A.2d 762, 767 (Me. 1989) (reviewing order appointing receiver to enforce the terms of an injunction); *WCP Me. Loan Holdings, LLC v. Norberg*, No. CV-15-060, 2019 WL 1211768, at *5 (Me. Super. Ct. Jan. 16, 2019); *Hawkes & Menhert, LLP v. Morse*, No. CV-06-

1

188, 2007 WL 7146421, at *1 (Me. Super. Ct. Oct. 15, 2007). Given the parties' inability to cooperate, the need for an accurate description of the Company's finances, and given the public need for this type of agency, the court agrees that there is good cause to appoint a receiver.

The parties indicated on the record that they can confer and possibly agree on a receiver. The parties will confer and recommend a receiver to the court. If they cannot agree, they will each identify and propose at least one receiver with the representation they have conferred with the proposed receiver and the proposed receiver is qualified and prepared to take the appointment.

The receiver will operate the Company in the customary fashion without interference from the members. The receiver will maintain records of assets, liabilities, revenue, and expenditures. The receiver will act on behalf of the Company and will have full authority to enter into any contract that benefits the Company. The court may modify this order if requested by the receiver or upon additional rulings on the request for injunctive relief.

## 2. Distributions.

After applying the four factors in *Bangor Historic Track, Inc. v. Dep't of Agriculture*, 2003 ME 140, ¶ 9, 837 A.2d 129, the court finds, and the parties appear to agree, that injunctive relief is necessary to prevent any party from removing any company asset. Therefore, except on further order of the court, neither party will remove any assets from the Company for any reason, by way of distribution, improvements to property, personal expenses (even if incurred on company business), or any other method. The lease payments to Coupe are not subject to this order.

## 3. Further injunctive relief.

The parties disagree as to whether the court should order that the Company begin to wind up its operations by the end of the year or should compel the Company to remain in business pending the completion of the litigation.

With respect to Coupe's request that the receiver oversee the winding up of the business by the end of the year, the Maine Limited Liability Company Act governs the dissolution and winding up of a limited liability company. 31 M.R.S.A. § 1595 (2023). The court cannot, *on this record*, find that Coupe met her burden to show any of the four elements necessary to obtain an injunction that would allow the court to take the significant step of dissolving a company pursuant to Sections 1595(1)(D) or (E). Similarly, it is not clear to the court, on this record, whether a remedy other than dissolution is more appropriate. §1595(2).

Nashawaty, however, also has not persuaded the court of the four elements necessary to award an injunction that takes the significant step of ordering Coupe to continue leasing the properties to the Company or requiring that she remain in a business relationship with Nashawaty for the life of this litigation.

### 4. Conclusion.

It is clear the parties are headed for a business divorce and it may be in the parties' best interest to plan for the end sooner rather than later. On the request of either of the parties, the court will convert the current motions seeking a temporary restraining order to motions for a preliminary injunction and schedule a testamentary hearing, likely in November, to determine whether additional injunctive relief is warranted. *See,* Horton and McGehee, *Maine Civil Remedies,* §§5-10(c)(1)(distinguishing between TRO and preliminary injunction). At this point, however, based on the record before the court, the parties' requests for further injunctive relief is denied.

The entry is:

Each party's motion for a temporary restraining order is granted to the extent the parties seek the appointment of a receiver and an injunction against removing assets from the Company.

3

The motions are otherwise denied without prejudice to reconsider as requests for a preliminary injunction after a hearing.

This Order is incorporated on the docket by reference pursuant to M. R. Civ. P. 79(a).


DATE: ___9 / 19 / 23___          _____
                                 Thomas R. McKeon
                                 Justice, Business and Consumer Court




Entered on the docket: 09/19/2023

4